Filed 1/29/2021 8:25 AM
Terri Pirtle Willard
District Clerk
Rusk County, Texas
By: Laurey Martin

CAUSE NO. 2021-016

| | | |
|---|---|---|
| MARIA CONSUELO SANCHEZ-GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| HERMENEGILDO COLIMA NAJERA | § | |
| AND MHK TRANSPORT, LLC | § | RUSK COUNTY, TEXAS |

## PLAINTIFF'S 1st AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Maria Consuelo Sanchez-Garcia, Plaintiff, complaining of Hermenegildo Colima Najera and MHK Transport, LLC, Defendants, and for cause of action would show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under Level III of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### RESIDENCE OF PARTIES

Plaintiff is a resident of Rusk County, Texas.

Defendant Hermenegildo Colima Najera is a resident of the Riverside County, California and can be served with citation at his residence at 412 ½ Belle Ave. Corona, CA 92882.

Defendant MHK Transport Inc. is a California Corporation conducting business in Texas, and can be served with citation by serving its registered agent for service, Autumn Andrade, at 4240 Lost Hills Rd #701, Calabasas, CA 91301.

## III.
## FACTUAL ALLEGATIONS

On or about August 27, 2019 in Rusk County, Plaintiff Maria Consuelo Sanchez-Garcia was driving a 2014 Chevrolet Cruze traveling South on U.S. Hwy 79, when suddenly and without warning, Defendant Hermenegildo Colima Najera, in a 2019 Volvo truck tractor owned by defendant MHK Transport, Inc., made an unsafe lane change and struck the driver side of the Plaintiff's vehicle. As a result of this collision, Plaintiff suffered injuries to her head, neck, and back.

## IV.
## CAUSES OF ACTION

At the time and on the occasion described above, Defendants Hermenegildo Colima Najera and MHK Transport, Inc. were guilty of the following acts of negligence:

1. Failure to properly apply brakes in order to avoid the collision;

2. Failure to keep a proper lookout;

3. Failure to safely and reasonably control own vehicle;

4. Driving in a reckless manner;

    Transportation Code Section 545.401(a) states "a person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property."

5. Failure to operate vehicle in a single lane;

    Transportation Code Section 545.060(a)(2) states that an operator on a roadway divided into two or more clearly marked lanes for traffic...may not move from the lane unless that movement can be made safely.

At the time and on the occasion above-described, Defendant MHK Transport, Inc. was independently guilty of the following acts of negligence:

    i.    <u>NEGLIGENT ENTRUSTMENT</u>

    8.    Defendant MHK Tranport, Inc. owed a duty to the public at large, and to Plaintiffs specifically, upon entrusting one of the company's vehicles to be driven by Defendant Hermenegildo Colima Najera, to not allow an incompetent or reckless driver operate said vehicle.  Defendant MHK Transport, Inc knew, or in the exercise of reasonable care, should have known, that their driver, Hermenegildo Colima Najera was an incompetent and/or reckless driver.  As shown above, Hermenegildo Colima Najera was negligent in the operation of the vehicle owned and/or operated by MHK Transport, Inc., and its negligence in entrusting the vehicle to Hermenegildo Colima Najera was the proximate cause of the accident because MHK Transport, could have reasonably anticipated that an injury would result as a natural and probable consequence of the entrustment.

    ii.    <u>NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION</u>

    9.    Defendant MHK Transport, Inc. owed a duty to exercise reasonable care to the public at large, and to Plaintiffs specifically, when hiring Hermenegildo Colima Najera to make sure that he was competent and fit employee to drive a vehicle owned and/or operated by MHK Transport, Inc. Furthermore, MHK Transport, Inc. owed a duty of ordinary care to the public at large, and to Plaintiff specifically, to adequately supervise and train Hermenegildo Colima Najera and a duty to exercise ordinary care in retaining him, which includes the duty to remain knowledgeable about his competence or fitness.

    10.    MHK Transport, Inc. breached its duty by failing to use ordinary care in hiring, supervising, training and retaining Hermenegildo Colima Najera. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to

ascertain whether Hermenegildo Colima Najera was fit and competent to operate a commercial motor vehicle in violation of Section 391.25 of the Federal Motor Carrier Safety Regulations (Annual inquiry and review of driving record).

11. MHK Transport, Inc.'s breach proximately caused the Plaintiffs' injuries.

## V.
## NEGLIGENCE PER SE

The actions and conduct of Defendants', set out in paragraph IV, are in violation of the traffic laws contained in Chapter 545 of the Transportation Code of the State of Texas, which constitutes negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiff.

## VI.
## DAMAGES

As a result of the above-described negligence and negligence per se, the Plaintiff has been injured in the following respects:

1. Past physical pain, suffering, and mental anguish;

2. Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

3. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

4. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

5. Physical impairment to the person of the Plaintiff that has been incurred in the past
6. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, will suffer in the future;

7. Loss of earnings in the past;

8. Loss of earning capacity in the future;

9. Physical disfigurement that Plaintiff has suffered in the past;

10. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

## VII.
## DOCTRINE OF RESPONDEAT SUPERIOR

At the time of the collision in question Defendant Hermenegildo Colima Najera, an agent, servant and employee of MHK Transport, Inc., was in the course and scope of his employment at the time he collided into Plaintiff on the date in question.  Specifically, Plaintiff will show that Defendant MHK Transport, Inc. had the right to control all of the activities of Defendant, Hermenegildo Colima Najera at all times material hereto and that these activities included driving the vehicle involved in the collision in question.  Accordingly, Defendant Hermenegildo Colima Najera was in the course and scope of his employment with Defendant MHK Transport, Inc. at the time of the collision in question, and therefore, Defendant MHK Transport, Inc. is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

## VIII.
## INTEREST

Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## IX.
## PLAINTIFF'S LIFE EXPECTANCY

According to the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66, No. 3 Plaintiff has a life expectancy of 32.4 years and Plaintiff intends to use a certified copy of the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66 No. 3, and offer same into evidence at the time of trial.

## X.
## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

## XI.
## TRCP RULE 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff intends to use all documents produced by the Defendant as authenticated documents.

## XII.
## REQUEST FOR DISCLOSURE AND PRESERVATION

1. Under TEXAS RULES OF CIVIL PROCEDURE 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2

2. The Defendant is hereby given notice that any document, other material, or item, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Maria Consuelo Sanchez-Garcia respectfully prays that upon final hearing she have judgment against Defendants Hermenegildo

Colima Najera and MHK Transport, Inc., jointly and severally, for the injuries and damages sustained by Plaintiff in an amount exceeding one million and No/100 dollars ($1,000,000.00); for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which she may be entitled to receive.

Respectfully submitted,

BADDERS LAW FIRM, PC
4002 North Street
Nacogdoches, Texas 7596
(936) 564-6181 (telephone)
(936)564-8095 (facsimile)
badders@badderslaw.com

/s/ - Jeff B. Badders

_____

JEFF B. BADDERS
State Bar No. 01496850
badders@badderslaw.com
Matthew Hancock
State Bar No. 24072138
Matt.h@badderslaw.com

Heath Badders

State Bar No. 24101474

[Heath.badders@badderslaw.com](mailto:Heath.badders@badderslaw.com)

Attorneys for Plaintiff

Maria Consuelo Sanchez-Garcia