DEFENDANT'S COPY

# CITATION FOR PERSONAL SERVICE

THE STATE OF TEXAS

2021-016

NOTICE TO: HERMENEGILDO COLIMA NAJERA
412 1/2 BELLE AVE.
CORONA,CA 92882

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and Original Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said answer may be filed by mailing same to: Terri Pirtle Willard, Rusk County District Clerk, 115 N. Main Street, Suite 301, Henderson, Texas 75652 or bringing it to the office.

Said **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR PRODUCTION TO DEFENDANT, AND PLAINTIFF'S INTERROGATORIES TO DEFENDANT** was filed in said court, 1/13/2021, in this cause, numbered 2021-016 on the docket of said court & styled:

| | | |
|---|---|---|
| MARIA CONSUELO SANCHEZ-GA[illegible] | § | IN THE 4th JUDICIAL |
| VS. | § | DISTRICT COURT |
| HERMENEGILDO COLIMA NAJERA AND MHK TRANSPORT, LLC AND/OR ROBERT IRELAND, LLC | § | OF RUSK COUNTY, TEXAS |

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof.

The officer executing this citation shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Henderson, Texas this the 13th day of January, 2021.

**Attorney for Plaintiff:**
JEFF B. BADDERS
4002 NORTH ST.
NACOGDOCHES, TX 75965
badders@badderlaw.com
*Phone 936-564-6181*

**Terri Pirtle Willard, Rusk County District Clerk**
**P O Box 1687 ~ Henderson, TX 75653-1687**
**115 N. Main, Suite 301 ~ Henderson, TX 75652**
**Phone (903) 657-0353**

By [signature] Deputy

DISTRICT COURT OF RUSK COUNTY, TEXAS

**RETURN OF SERVICE**
**2021-016**

ADDRESS FOR SERVICE: HERMENEGILDO COLIMA NAJERA
412 1/2 BELLE AVE.
CORONA,CA 92882

Came to hand on the 13 day of January, 2021 at 4:00 o'clock P.m., and executed in Riverside County, ~~Texas~~ CA by delivering to each of the within named defendants in person a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition at the following times and places to wit:

| NAME | DATE/TIME | PLACE, COURSE AND DISTANCE FROM COURTHOUSE |
|---|---|---|
| Hermenegildo Colima Najera | January | 412 1/2 Belle Ave, Corona, Ca 92882 |

or not executed as to the defendant for the following reasons:

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant being:

**FEES:**

Serving Petition and copy: $ ________

Total: $ ________

________, Officer

________ County, Texas

________ Deputy/Authorized Person/Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under perjury must contain the statement below in substantially the following form:

" My name is [signature] (first, middle, last), my date of birth is 08/08/43 (DOB), and my address is [illegible] (street, city, state, zip code, country).

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in ________ County, State of ________, on the ____ day of ________, 20___.

[signature]
Declarant/Authorized Process Server

SCH-6409 3-31-21
(ID No. and Expiration of Certification)

Filed 1/13/2021 8:29 AM
Terri Pirtle Willard
District Clerk
Rusk County, Texas
By: Laurey Martin

CAUSE NO. 2021-016

| | | |
|---|---|---|
| MARIA CONSUELO SANCHEZ-GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| HERMENEGILDO COLIMA NAJERA AND MHK TRANSPORT, LLC AND/OR ROBERT IRELAND, LLC | §<br>§<br>§ | RUSK COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Maria Consuelo Sanchez-Garcia, Plaintiff, complaining of Hermenegildo Colima Najera and MHK Transport, LLC and/or Robert Ireland, LLC, Defendants, and for cause of action would show the Court the following:

## I.
## DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under Level III of Rule 190.1 of the Texas Rules of Civil Procedure.

## II.
## RESIDENCE OF PARTIES

Plaintiff is a resident of Rusk County, Texas.

Defendant Hermenegildo Colima Najera is a resident of the Riverside County, California and can be served with citation at his residence at 412 ½ Belle Ave. Corona, CA 92882.

Defendant MHK Transport Inc. is a California Corporation conducting business in Texas, and can be served with citation by serving its registered agent for service, Autumn Andrade, at 4240 Lost Hills Rd #701, Calabasas, CA 91301.

Defendant Robert Ireland, LLC is a Oregon Corporation conducting business in Texas and can be served with citation by serving its registered agent for service, Christi Jones at 351 SW Main St, Winston, OR 97496.

## III.
## FACTUAL ALLEGATIONS

On or about August 27, 2019 in Rusk County, Plaintiff Maria Consuelo Sanchez-Garcia was driving a 2014 Chevrolet Cruze traveling South on U.S. Hwy 79, when suddenly and without warning, Defendant Hermenegildo Colima Najera, in a 2019 Volvo truck tractor owned by defendant MHK Transport, Inc. and/or Robert Ireland, LLC, made an unsafe lane change and struck the driver side of the Plaintiff's vehicle. As a result of this collision, Plaintiff suffered injuries to her head, neck, and back.

## IV.
## CAUSES OF ACTION

At the time and on the occasion described above, Defendants Hermenegildo Colima Najera and MHK Transport, Inc. and/or Robert Ireland, LLC were guilty of the following acts of negligence:

1. Failure to properly apply brakes in order to avoid the collision;

2. Failure to keep a proper lookout;

3. Failure to safely and reasonably control own vehicle;

4. Driving in a reckless manner;

   Transportation Code Section 545.401(a) states "a person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property."

5. Failure to operate vehicle in a single lane;

> Transportation Code Section 545.060(a)(2) states that an operator on a roadway divided into two or more clearly marked lanes for traffic...may not move from the lane unless that movement can be made safely.

At the time and on the occasion above-described, Defendant MHK Transport, Inc. and/or Robert Ireland, LLC was independently guilty of the following acts of negligence:

i. <u>NEGLIGENT ENTRUSTMENT</u>

8. Defendant MHK Tranport, Inc. and/or Robert Ireland, LLC owed a duty to the public at large, and to Plaintiffs specifically, upon entrusting one of the company's vehicles to be driven by Defendant Hermenegildo Colima Najera, to not allow an incompetent or reckless driver operate said vehicle. Defendant MHK Transport, Inc and/or Robert Ireland, LLC knew, or in the exercise of reasonable care, should have known, that their driver, Hermenegildo Colima Najera was an incompetent and/or reckless driver. As shown above, Hermenegildo Colima Najera was negligent in the operation of the vehicle owned and/or operated by MHK Transport, Inc. and/or Robert Ireland, LLC, and its negligence in entrusting the vehicle to Hermenegildo Colima Najera was the proximate cause of the accident because MHK Transport, Inc. and/or Robert Ireland, LLC could have reasonably anticipated that an injury would result as a natural and probable consequence of the entrustment.

ii. <u>NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION</u>

9. Defendant MHK Transport, Inc. and/or Robert Ireland, LLC owed a duty to exercise reasonable care to the public at large, and to Plaintiffs specifically, when hiring Hermenegildo Colima Najera to make sure that he was competent and fit employee to drive a vehicle owned and/or operated by MHK Transport, Inc. and/or Robert Ireland, LLC. Furthermore, MHK

Transport, Inc. and/or Robert Ireland, LLC owed a duty of ordinary care to the public at large, and to Plaintiff specifically, to adequately supervise and train Hermenegildo Colima Najera and a duty to exercise ordinary care in retaining him, which includes the duty to remain knowledgeable about his competence or fitness.

10. MHK Transport, Inc. and/or Robert Ireland, LLC breached its duty by failing to use ordinary care in hiring, supervising, training and retaining Hermenegildo Colima Najera. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Hermenegildo Colima Najera was fit and competent to operate a commercial motor vehicle in violation of Section 391.25 of the Federal Motor Carrier Safety Regulations (Annual inquiry and review of driving record).

11. MHK Transport, Inc. and/or Robert Ireland, LLC's breach proximately caused the Plaintiffs' injuries.

## V.
## NEGLIGENCE PER SE

The actions and conduct of Defendants', set out in paragraph IV, are in violation of the traffic laws contained in Chapter 545 of the Transportation Code of the State of Texas, which constitutes negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiff.

## VI.
## DAMAGES

As a result of the above-described negligence and negligence per se, the Plaintiff has been injured in the following respects:

1. Past physical pain, suffering, and mental anguish;

2. Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

3. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

4. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

5. Physical impairment to the person of the Plaintiff that has been incurred in the past
6. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, will suffer in the future;

7. Loss of earnings in the past;

8. Loss of earning capacity in the future;

9. Physical disfigurement that Plaintiff has suffered in the past;

10. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

## VII.
## DOCTRINE OF RESPONDEAT SUPERIOR

At the time of the collision in question Defendant Hermenegildo Colima Najera, an agent, servant and employee of MHK Transport, Inc. and/or Robert Ireland, LLC, was in the course and scope of his employment at the time he collided into Plaintiff on the date in question. Specifically, Plaintiff will show that Defendant MHK Transport, Inc. and/or Robert Ireland, LLC had the right to control all of the activities of Defendant Hermenegildo Colima Najera at all times material hereto and that these activities included driving the vehicle involved in the collision in question. Accordingly, Defendant Hermenegildo Colima Najera was in the course and scope of his employment with Defendant MHK Transport, Inc. and/or Robert Ireland, LLC

at the time of the collision in question, and therefore, Defendant MHK Transport, Inc. and/or Robert Ireland, LLC is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

**VIII.**
**INTEREST**

Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

**IX.**
**PLAINTIFF'S LIFE EXPECTANCY**

According to the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66, No. 3 Plaintiff has a life expectancy of 32.4 years and Plaintiff intends to use a certified copy of the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66 No. 3, and offer same into evidence at the time of trial.

**X.**
**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

**XI.**
**TRCP RULE 193.7 NOTICE**

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff intends to use all documents produced by the Defendant as authenticated documents.

**XII.**
**REQUEST FOR DISCLOSURE AND PRESERVATION**

1. Under TEXAS RULES OF CIVIL PROCEDURE 194, Plaintiff requests that

Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2

2. The Defendant is hereby given notice that any document, other material, or item, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Maria Consuelo Sanchez-Garcia respectfully prays that upon final hearing she have judgment against Defendants Hermenegildo Colima Najera and MHK Transport, Inc. and/or Robert Ireland, LLC, jointly and severally, for the injuries and damages sustained by Plaintiff in an amount exceeding one million and No/100 dollars ($1,000,000.00); for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which she may be entitled to receive.

Respectfully submitted,

BADDERS LAW FIRM, PC
4002 North Street
Nacogdoches, Texas 7596
(936) 564-6181 (telephone)
(936)564-8095 (facsimile)
badders@badderslaw.com

/s/ - Jeff B. Badders

______________________

JEFF B. BADDERS

State Bar No. 01496850

badders@badderslaw.com

Matthew Hancock

State Bar No. 24072138

Matt.h@badderslaw.com

Heath Badders

State Bar No. 24101474

Heath.badders@badderslaw.com

Attorneys for Plaintiff

Maria Consuelo Sanchez-Garcia

2021-016

Filed 1/13/2021 8:29 AM
Terri Pirtle Willard
District Clerk
Rusk County, Texas
By: Laurey Martin

PLAINTIFF'S REQUEST FOR PRODUCTION
TO DEFENDANT, HERMENEGILDO COLIMA NAJERA

TO: Defendant, Hermenegildo Colima Najera

Plaintiff hereby requests, pursuant to the provisions of TEX. R. CIV. P. 196 that said Defendant serve a written response to these Requests for Production and thereafter produce the requested items for inspection, testing, and duplication by delivering the originals of the requested items to the office of Badders Law Firm, P. C., 4002 North Street, Nacogdoches, Texas 75965. Said Defendant is requested to serve a written response or objections, if any, within thirty (30) days after service of these Requests for Production.

Respectfully submitted,

BADDERS LAW FIRM, PC
4002 North Street
Nacogdoches, Texas 75965
(936) 564-6181 (telephone)
(936) 561-8095 (facsimile)

*<Jeff B. Badders>*
Jeff B. Badders
Bar ID No. 01496850
Attorney for Plaintiff
Maria Consuelo Sanchez-Garcia

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been sent to all attorneys of record via e-serve on this the 13 day of January, 2021.

*<Jeff B. Badders>*
Jeff B. Badders

DEFINITIONS AND INSTRUCTIONS

1. The words Awriting@ and Adocument@ are used herein in their broadest sense, and include any original, reproduction, electronically stored, or copy of any kind of any written or documentary material, including but not limited to correspondence, memoranda, inter-office communication, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, vouchers, permits, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notes of telephone conversations, and notes of any and all communications and every other means of recording in any tangible manner, in any form of communication or representation, including letters, words, pictures, sounds or symbols, or any combinations thereof.

2. As used herein, Ayou@ and Ayour@, unless otherwise specified means the Defendant responding to this Request for Production, its subsidiaries and predecessors, its present and former officers, executives, directors, agents and employees, and all other persons acting or purporting to act on behalf of the Defendant or its subsidiaries or predecessors.

REQUESTED ITEMS:

1. All photographs, videotapes, films, animations, simulations, maps, sketches, charts, diagrams, models, illustrations, and other visual or audio recordings depicting:

(a) Plaintiff;

(b) the scene of the incident in question;

(c) the subsequent physical or medical condition of any person involved in the incident in question;

(d) how the incident in question occurred;

(e) why the incident in question occurred; and

(f) the damages resulting from the incident in question;

(g) vehicles involved in collision;

(h) the plaintiff(s) or Defendant(s) either before or after the accident made the basis of this suit;

2. All writings and documents reflecting the terms or conditions of any settlement, guarantee, or indemnity agreement between you and any other person or entity, regardless of whether they are a party to this lawsuit, and which covers or pertains to any of the claims by any party in this lawsuit.

3. With regard to any investigation of the incident in question which was conducted prior to your receipt of written notice of the claim made the basis of the above styled and numbered cause, all writings and documents which were generated during the course of said investigation or which reflect or record the results of said investigation including but not limited to the original accident or incident report which was prepared by you or on your behalf or which was forwarded by you or on your behalf to your liability insurance carrier.

4. All documents and tangible things which you may offer into evidence in the trial of this case.

5. All documents which you have obtained through the use of an authorization executed by Plaintiff.

6. A copy of your driver's license.

7. Please provide copies of any records/documents which would support your contention, if any, that Plaintiff has ever sustained a prior injury or has a pre-existing condition.

8. Please provide copies of any records/documents which would support your contention, if any, that Plaintiff has ever sustained a subsequent injury and/or condition.

9. A copy of the repair bill or estimate pertaining to Defendant's vehicle which was involved in the incident made the basis of this lawsuit.

10. A true and correct copy of your employment application with Defendant, MHK Transport, Inc and/or Robert Ireland, LLC.

11. A copy of you driving record from every state in which you have held a license in the past 5 years.

12. All documents which reflect your driver record from the last five years.

13. A copy of any traffic citations which you may have received in the past five years.

14. A copy of any traffic citation received by you as a result of the collision made the basis of this suit.

15. All documents that relate to or reflect any collisions or wrecks that you have had while operating a commercial motor vehicle in the last 10 years.

16. All documents that reflect any suspension of your driving privileges.

17. Copies of any annual reviews or any other periodic reviews of your employment performance for the past five (5) years.

18. Copies of any citation, charge or indictment records as a result of the accident in question.

19. Copies of all controlled substance tests including pre-employment, bi-annual, random, and post-collision testing performed on you for the past five (5) years.

20. Any and all reprimands or other notices given to you informing you of the result of any test for narcotics use that has been performed on you by any person, including law enforcement personnel, at any time during the past five (5) years.

21. Copies of all employee handbooks, safety manuals, training guides, and other instructional materials provided to you prior to the collision made the basis of this suit.

22. Copies of the prescriptions for any medication that you took on the day of the collision or at any time within three days prior to August 27, 2019.

23. Copies of any and all reports filed with government entities concerning the collision made the basis of this suit.

24. Any reservation of rights letter or other document sent to you by any insurer regarding your insurance coverage for the collision made the basis of this suit.

25. Copies of all newspapers and periodicals which you intend to bring to the attention of the jury or a witness a trial pursuant to Tex. R. Evid. 902(6).

26. Copies of any records or documents relating to any of the Plaintiffs= employment with any individual or entity that you have obtained.

27. Copies of any written records, documents, memos, papers, notes, correspondence or writings, of any kind that you claim support any allegations that any Plaintiff was negligent at the time of the collision made the basis of this suit.

28.Copies of any records regarding any conviction of Plaintiff for a felony or crime involving moral turpitude or any other documents regarding any criminal history the Plaintiff may have.

29. Copies of any property damage estimates or invoices related to damage done to any vehicle involved in the collision made the basis of this lawsuit.

30. A copy of any surveillance movies or photographs which have been made of Plaintiff.

31. Any and all results from drug or substance testing performed on you in connection with the subject accident.

32. Produce all telephone records and other documents reflecting the use of any mobile device you used on August 27, 2019.

33. Please produce all documents you have regarding any internet site, including but not limited to MySpace, Facebook, Twitter, Instagram, or any similar websites, which contain information about Plaintiff which is relevant to any issues in this lawsuit and/or which you might use to cross examine or question Plaintiff's credibility on any issue or fact or statement.

34. With regard to any insurance which might cover you for the claims made against you in this case:

a. All insurance policies, including excess and umbrella policies, and any accompanying endorsements, riders, or restrictions;
b. All documents indicating the nature and extent of any possibility of a denial of insurance coverage for any of the damages, claims, or wrongful conduct alleged in this case, including but not limited to those documents reflecting a Areservation

       of rights@, a Anon-waiver@ agreement, or any similar reservations or agreements;

c. All documents indicating whether the insurance coverage is reduced by other claims, and if so, the nature and amount of any other applicable claims;

d. All documents indicating whether the insurance coverage is reduced by defense costs, and if so, the nature and amount of the defense costs;

e. The original or an exact copy of any public liability insurance policy which covered you, or the vehicle he was driving, and which was in effect at the time of said collision made the basis of this suit.

2021-016

Filed 1/13/2021 8:29 AM
Terri Pirtle Willard
District Clerk
Rusk County, Texas
By: Laurey Martin

PLAINTIFF'S INTERROGATORIES
TO DEFENDANT, HERMENEGILDO COLIMA NAJERA

The following Interrogatories are propounded to you in this cause pursuant to Rule 197 of the Texas Rules of Civil Procedure, and are to be answered separately and under oath in accordance with said rule within thirty (30) days after service thereof.

These Interrogatories shall be deemed continuing, and supplemental answers shall be required if the Defendants obtain further information of the nature sought herein between the time answers are served and the time of trial.

Respectfully submitted,

BADDERS LAW FIRM, PC
4002 North Street
Nacogdoches, Texas 75965
(936) 564-6181
(936) 564-8095 facsimile

*/s/ Jeff B. Badders*
Jeff B. Badders
Bar ID No. 01496850
Attorney for Plaintiff
Maria Consuelo Sanchez-Garcia

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded to Defendant's attorney of record via e-serve on this 13 day of January, 2021.

*<Jeff B. Badders>*
Jeff B. Badders

1. Please give the occupation in which you are now employed, giving the name, address and telephone number of the business.

2. Please state whether or not you were drinking any alcoholic beverages or under the influence of any medication or drugs at the time of the collision in question.

3. Please state whether or not the you had any alcohol or any type of medication or drugs within twenty-four (24) hours preceding the collision?

4. Please state your observations of the collision and how it occurred, including how fast your vehicle was traveling at the time of the collision in question, the speed immediately before the collision and the speed at the time of the collision in question.

5. Please state where the Defendant proceeded immediately after the collision and the Defendant's whereabouts for the following twenty-four (24) hours immediately after the collision.

6. Please state your complete name, business and residence address, social security number, date of birth and driver's license number.

7. Please state everything that you did, in order in which it was done in an attempt to avoid the occurrence.

8. Have your driving privileges ever been suspended for any reason? If so, state the reason and duration of the suspension in the jurisdiction which granted you the privileges suspended.

9. Please identify your employer on the date of the collision, including name, address, and telephone number, your duties; and how long employed for aforesaid employer prior to the time of the collision.

10. Describe in detail any conversation you had with the Plaintiff or the Plaintiff's representative following the collision in question.

11. Describe any traffic citation you received as a result of this collision by stating name and location of the court involved, the violation of the law charged in that citation, and the date, place and manner (i.e. type of pleas, bail, forfeit, trial, etc.) of disposition of the

citation.

12. Describe any crimes of moral turpitude or felonies within the last ten (10) years you have been convicted of or indicted on, including the nature of the charge, date and place of arrest, whether you were convicted, and any plea entered, if any.

13. State whether or not you were acting within the course and scope of any agency, employment, or service of any one or any entity at the time of the collision, and describe the type of relationship, the legal names and legal addresses of such agency, employment or service.

14. State the full name, telephone number and present address of the owner, owner/lessor, or lessor of the vehicle which you were operating at the time of the collision the subject of this suit.

15. Do you have information indicating or any reason to believe that there was any mechanical failure on the part of your vehicle which, in whole or in part, was the cause of the incident the subject of this suit? If so, state the basis for such belief.

16. If you have reason to believe or are alleging that there was any non-human condition or event which contributed to the collision, please state specifically how the condition or event allegedly contributed to the collision.

17. Please identify the last date of repair and purpose for repair of the vehicle you were driving and the entity conducting the repair or tune-up and state the date and person or entity performing the last State inspection.

18. Do you intend to use evidence in this case, pursuant to Texas Rules of Evidence 609, with respect to any person disclosed by any party in this cause as an expert witness or any person with knowledge of relevant facts? If so, identify such witness or person with knowledge of relevant facts.

19. Please state whether or not it is your contention that the Plaintiff sustained any injury prior to, or subsequent to the injury made the basis of this lawsuit. If the answer to this Interrogatory is in the affirmative, please state the date and place of such injury and describe such injury.

20. Please state whether or not it is your contention that the Plaintiff suffers from any condition occurring prior to or subsequent to the injury made the basis of this lawsuit. If the answer to this Interrogatory is in the affirmative, please state the date such condition began and describe it.

21. Was there a cell phone in your vehicle on the day of the collision? If so, state the name of the cell phone service provider, the cell phone number, who was using the cell phone and the name of person who receives the bill for the cell phone.

22. State where you were going, where you had been, what was your route and were you operating under any time constraints and/or deadlines.

23. Have you obtained any documents or any information from any internet website, including but not limited to MySpace, Facebook, Twitter, Instagram, or any similar websites which contain information about the Plaintiff which is relevant to any issues in this lawsuit and/or which you might use to cross examine or question Plaintiff's credibility on any issue or fact and/or statement.

24. Please state whether or not you were given a post-accident drug/alcohol test. If a post-accident test was given, please state the results of said test.